IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00919-BNB

DARRYL JEROME SPRINGS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO DEPARTMENT OF CORRECTIONS DIVISION OF ADULT PAROLE AND
    COMMUNITY CORRECTIONS JEANNE MILLER,
COLORADO DEPARTMENT OF CORRECTIONS CLINICAL SERVICES AND
    COMPLETE MEDICAL STAFF JOANIE SHOEMAKER,
DENVER RECEPTION AND DIAGNOSTIC CENTER – WARDEN NOLANCE
    WALACE,
DENVER RECEPTION AND DIAGNOSTIC CENTER INSPECTOR GENERAL'S
    OFFICE ROBERT A. THIEDE,
DENVER RECEPTION AND DIAGNOSTIC CENTER – CORRECTIONAL OFFICER
    SMITH,
DENVER RECEPTION AND DIAGNOSTIC CENTER – SERGEANT BARTON,
FORT LYON CORRECTIONAL FACILITY CLINICAL SERVICES DEBRA HOWE, HSA,
    AND COMPLETE MEDICAL STAFF,
DENVER RECEPTION AND DIAGNOSTIC CENTER – MAJOR TWO BEARS
    CHAVEZ,
FORT LYON CORRECTIONAL FACILITY CLINICAL SERVICES – PHYSICIAN
    ASSISTANT R. E. PETERSON, and
ARKANSAS VALLEY CORRECTIONAL FACILITY – RELIGIOUS COORDINATOR LT.
    DIANA SHAUFLER,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff, Darryl Jerome Springs, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Springs has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Springs is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Springs will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that the complaint improperly combines three separate and unrelated claims against three separate groups of Defendants into one action. As a result, the complaint violates Rule 20(a)(2) of the Federal Rules of Civil Procedure. That rule provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Mr. Springs asserts his first claim, an Eighth Amendment medical treatment claim, against Defendants Jeanne Miller, Joanie Shoemaker, Debra Howe, and R. E. Peterson. Mr. Springs alleges in his first claim that he was denied adequate medical treatment while he was confined at the Fort Lyon Correctional Facility from May 2005 until January 2006 and that he was denied a necessary medication when he was released to community corrections in January 2006. Mr. Springs' second claim is an Eighth Amendment excessive force claim against Defendants Correctional Officer

2

Smith, Sergeant Barton, Warden Nolance Wallace, Robert A. Thiede, and Major Two Bears Chavez. The second claim is based on two alleged assaults on Mr. Springs in April and August 2007 while he was incarcerated at the Denver Reception and Diagnostic Center. In his third claim, which is asserted against Defendant Diana Shaufler, Mr. Springs asserts that his religious rights were violated when he was denied the opportunity to participate in Ramadan at the Arkansas Valley Correctional Facility in September 2007.

As noted above, there is no overlap between the three groups of Defendants alleged to have violated Mr. Spring' rights in connection with these three claims. Mr. Springs does not assert any right to relief against the three separate groups of Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). In essence, Mr. Springs has combined what should be three lawsuits into one pleading.

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the court may dismiss improper parties. *See id.* However, because it is not clear which one of his three claims Mr. Springs intends to pursue in this action, he will be ordered to file an amended complaint that complies with the joinder requirements of Rule 20(a)(2). Mr. Springs is reminded that the amended complaint also must comply with the pleading requirements of Rule 8. In order for Mr. Springs to state a claim in federal court, the amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

3

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Springs file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Springs, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Springs fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED June 3, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00919-BNB

Darryl Jerome Springs
Prisoner No. 85912
Cheyenne Mountain Re-Entry Center
2925 Las Vegas
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 6/3/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk